## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY DOUGLAS STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV 19-303-RAW-SPS |
| | ) |
| OKLAHOMA DEPARTMENT | ) |
| OF CORRECTIONS DIRECTOR, | ) |
| J. KEVIN STITT,  CHERI | ) |
| ATKINSON,  and SHARON McCOY, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On September 9, 2019, Plaintiff Rodney Douglas Stephens commenced this civil rights action pursuant to 42 U.S.C. § 1983 (Dkt. 1).  At the time of filing, he was a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who was incarcerated at Jess Dunn Correctional Center (JDCC).  Plaintiff subsequently filed an amended complaint, naming as defendants the DOC Director, Oklahoma Governor Kevin Stitt, DOC Medical Services Manager Cheri Atkinson, and JDCC Warden Sharon McCoy (Dkt. 11).

Plaintiff alleged in the amended complaint that he was forced outside in freezing weather, the amount of food served was inadequate, and the food was old or labeled as not for human consumption.  He also complained of other prison conditions, including the facility temperature, infestation of insects and vermin, overcrowding, deliberate indifference to serious medical needs, falsified billing for medical services and prescriptions, and

exposure to extreme temperatures during his transportation to medical appointments. Plaintiff requested monetary damages and expungement of the records concerning his convictions and incarceration.

On February 21, 2020, Counsel for Defendant Atkinson filed a Suggestion of Death Upon the Record, advising that Plaintiff had died on February 12, 2020 (Dkt. 21). Counsel further advised that a copy of the Suggestion of Death Upon the Record would be forwarded to Plaintiff's next of kin. *Id.* Counsel also submitted a February 20, 2020, Interoffice Memorandum from Joel B. McCurdy, M.D., Chief Medical Officer, to DOC Director Scott Crow, stating that Plaintiff died on February 12, 2020, at OSU Hospital in Tulsa, Oklahoma (Dkt. 22-1). Plaintiff's next of kin was notified, and Plaintiff's body was claimed. *Id.*

On March 6, 2020, Counsel for Defendant Atkinson filed a Certificate of Service certifying that the Suggestion of Death Upon the Record was sent via certified U.S. Mail to Rodney Stephens, Jr., in Oklahoma City, Oklahoma (Dkt. 28). A copy of the Postal Service Form 3811 (green card) shows that Rodney Stephens, Jr. signed for the mail (Dkt. 28-1). There was no date of delivery on the form, however, it had a United States Postal Service date stamp of March 2, 2020. The Court has received no communication from Plaintiff's next of kin.

To the extent Plaintiff requested relief regarding his criminal convictions and incarceration, such claims were not proper for a civil rights action under 42 U.S.C. § 1983. Instead, a challenge to the fact or duration of a conviction should have been presented in a

2

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Such habeas claims, however, would not have survived Plaintiff's death. *See Smith v. Bear*, No. 18-245-RAW-KEW (E.D. Okla. Nov. 29, 2018). *See also Towns v. Martin*, No. CIV-12-1062-D, 2013 WL 1501607 (W.D. Okla. Apr. 11, 2013); *Scott v. Franklin*, No. CIV-06-197-F, 2007 WL 1655502 (W.D. Okla. June 4, 2007).

Survival of § 1983 actions after a plaintiff's death is governed by state law, as long as the state law is "not inconsistent with the Constitution and laws of the United States." *Robertson v. Wegmann*, 436 U.S. 584, 588-907 (1978). *See also Hopkins v. Oklahoma Public Employees Retirement System*, 150 F.3d 1155, 1159 (10th Cir. 1998); 42 U.S.C. § 1988(a). Therefore, Oklahoma state law determines whether Plaintiff's claims survive:

> No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander or malicious prosecution, which shall abate by the death of the defendant. . . . .

Okla. Stat. tit. 12, § 1052.

Plaintiff's suit alleging Eighth Amendment violations does not constitute a claim for slander, libel, or malicious prosecution, therefore, Oklahoma law calls for the survival of the suit despite his death. "Because a live case or controversy continues to exist between [Plaintiff's] estate and the defendants, this case is not moot." *Hopkins v. Okla. Pub. Emp. Ret. Sys.*, 150 F.3d 1155, 1159 (10th Cir. 1998). *See Phelps v. Hamilton*, 122 F.3d 1309, 1326 (10th Cir. 1997) ("The central question in determining whether a case has become moot is whether 'the issues presented are no longer "live" or the parties lack a legally

3

cognizable interest in the outcome.'").

> Rule 25(a) of the Federal Rules of Civil Procedure governs the substitution of parties in the event of death. Under Rule 25(a)(1), a motion to substitute "may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). The action must be dismissed if no such motion is made "within 90 days after service of a statement noting the death." *Id*. To trigger the 90-day window, the statement noting death must be personally served on the decedent's representative "as provided in Rule 4." Fed. R. Civ. P. 25(a)(3); *see Hendricks v. Liberty Nat'l Life Ins. Co.*, No. 13-CV-0390-CVE-PJC, 2013 WL 4544299, at *1 (N.D. Okla. Aug. 27, 2013).

*Holland v. Trout*, No. CIV-18-511-G, 2019 WL 2298792 at *1 (W.D. Okla. May 30, 2019).

Here, Plaintiff's next of kin was served more than 90 days ago, however, no motion to substitute has been filed. Therefore, the Court finds this action should be DISMISSED WITHOUT PREJUDICE to refiling.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 25th day of June 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

4